IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00130-CV

 

Drug Test USA, Quick Results, L.L.C.,

                                                                      Appellant

 v.

 

Buyers Shopping Network, Inc.,

                                                                      Appellee

 

 

 



From the County Court at Law No 1

Jefferson County, Texas

Trial Court # 95619

 



DISSENTING Opinion



 








 

          I
fail to see why we should undermine the legislature and the agreement of the
parties.  We only interpret a statute
when it is ambiguous.  Section
35.53(a)(3) expressly and unequivocally states that section 35.53 does not
apply to a contract if former section 1.105 of the Code applies.  Tex.
Bus. & Com. Code Ann. § 35.53(a)(3) (Vernon 2002).

          There
is no dispute that this agreement meets the requirements to make former section
1.105 applicable.  See Tex. Bus. & Com.
Code Ann. § 1.301 (Vernon Supp. 2004-2005).  Drug Test
simply wants us to construe that it does not apply.  

          The
purpose of the statutes and their interaction seems very practical to me.  A forum-selection clause dispels any
confusion about where suits arising from the contract must be brought and
defended, which spares litigants the time and expense of pretrial motions to
determine the correct forum and conserves judicial resources.  In re
AIU Ins. Co., 2004 Tex.
LEXIS 783, *10, 47 Tex. Sup. J. 1093 (Tex. Sept. 3, 2004).  If
both states have a reasonable relationship to the transaction, the parties can
agree to resolve their disputes under the contract in either forum, and that
part of the agreement need not draw any particular attention to itself by type
style or size of print.  Tex. Bus. & Com. Code Ann. § 1.301
(Vernon Supp. 2004-2005).

          But
if the parties to an agreement want the law of some other state to apply to the
transaction, the law of a state that does not otherwise bear a reasonable
relationship to the transaction, then that provision must be conspicuously set
out in the agreement.  Tex. Bus. & Com. Code Ann. §
35.53(b) (Vernon 2002).  This makes a lot
of sense to me.  Only when the parties
are choosing the law of a state unrelated to the transaction, an
agreement the parties can make, must that provision by its type style or size
of print, draw attention to itself.

          These
parties agreed that the law of a state that was reasonably related to their
transaction applied.  Because former
section 1.105 of the Code applies to this contract, section 35.53 does
not.  I do not know how the legislature
could have made it any clearer.  I would
affirm the trial court’s decision.  Because
the Court does not, I respectfully dissent.

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

 

Dissenting opinion delivered and filed December 8, 2004






ld him that he would be arrested if he did
not confess.  The detective denied that
he told Appellant that.  The detective
further testified that he told Appellant that if Appellant gave false answers
during a polygraph examination, the detective would present Appellant’s case to
the district attorney’s office; and that after the polygraph examination showed
that Appellant was deceitful, the detective asked whether Appellant wanted to
give a written statement, but told Appellant that he was free to go whether or
not he gave a statement.  On the basis of
this evidence, the trial court did not err in finding by the preponderance of
the evidence that Appellant’s statement was voluntary.

      Accordingly,
Appellant’s first issue is overruled.

2.    In
Appellant’s second issue, he contends that the trial court erred in sustaining
the State’s objection to evidence of letters that he argues were written by one
of his victims.  We will overrule
Appellant’s second issue.

      One
of Appellant’s victims testified that Appellant’s abuse of her made her feel
“the feeling of being like your innocence is just taken right away from
you.”  Outside the presence of the jury,
Appellant offered the purported letters that he argues “described and discussed
sexual topics” to show that the victim was not innocent.  The State objected on the grounds that the
purported letters were not relevant in time and that their probative value was
substantially outweighed by the danger of unfair prejudice.  See
Tex. R. Evid. 401, 403.  The trial court sustained the objections.

      The
trial court’s ruling on the admission or exclusion of evidence is reviewed for
the abuse of discretion.  Rayford, 125 S.W.3d at 529.

      Appellant
does not address the State’s independent Rule 403 objection, and we may
overrule his issue for that reason alone. 
The purported letters, moreover, are dated after the time of Appellant’s
abuse of the victim.  Thus, the trial
court did not abuse its discretion in holding that the evidence was not
relevant in time.  Accordingly,
Appellant’s second issue is overruled.

      Having
overruled both of Appellant’s issues, we affirm.

TOM GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion
delivered and filed July 14, 2004

Do
not publish

[CRPM]